LAND, MICHAEL A VS. SOUTHERN STATES COOPERATIVE, INC,

15-CI-00139           CIRCUIT

LAND, MICHAEL A VS. SOUTHERN STATES
COOPERATIVE, INC,
HON. WILLIAM G. CLOUSE
Case Type: OTHER                Filed: 03/09/2015



**UNITED STATES POSTAL SERVICE**

```
        FILED
TIME_____ A.M./P.M.
     MAR 17 2015
  MADISON CIRCUIT COURT
  DARLENE SNYDER, CLERK
```

CSC-LAWYERS INCORPORATING
SERVIXE COMPANY
421 WEST MAIN STREET
FRANKFORT, KY 40601
15-CI-139  DIV I

Southern States
Cooperative.

Date Produced: 03/16/2015

MADISON CO CIRCUIT COURT CLERK:

The following is the delivery information for Certified Mail™ item number 7199 9991 7031 4850 4347. Our records indicate that this item was delivered on 03/12/2015 at 08:21 a.m. in FRANKFORT, KY 40601. The scanned image of the recipient information is provided below.

Signature of Recipient : 

Address of Recipient : 

1210 WILKINSON BLVD

Thank you for selecting the Postal Service for your mailing needs. If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

Customer Reference Number: 1375883 2126732315ci139

| | | |
|---|---|---|
| AOC-105<br>Rev. 4-01<br>Page 1 of 1<br>Commonwealth of Kentucky<br>Court of Justice<br>CR 4.02; CR Official Form 1 | Doc. Code: C<br>03/9/2015 09:28 am<br>Ver. 1.01<br><br>**CIVIL SUMMONS** | Case No. 15-CI-139<br>Court ☑ Circuit ☐ District<br>County Madison |

**PLAINTIFF**

MICHAEL  A  LAND

VS.

SOUTHERN STATES COOPERATIVE, INC.

**DEFENDANT**

**Service of Process Agent for Defendant:**

CSC-LAWYERS INCORPORATING SERVICE COMPANY

421 West Main Street

Frankfort    Kentucky    40601

**THE COMMONWEALTH OF KENTUCKY**
**TO THE ABOVE-NAMED DEFENDANT(S):**

You are hereby notified a **legal action has been filed against you** in this Court demanding relief as shown on the document delivered to you with this Summons. **Unless a written defense is made by you or by an attorney on your behalf** and filed in the Clerk's Office within 20 days following the day this paper is delivered to you, judgment by default may be taken against you for the relief demanded in the attached Complaint.

The name(s) and address(es) of the party or parties demanding relief against you are shown on the document delivered to you with this Summons.

Date: 3/9, 2015         Darlene Snyder         Clerk
                        By: JA                 D.C.

---

**Proof of Service**

This Summons was served by delivering a true copy and the Complaint (or other initiating document) to:

_____

this ____ day of _____, 2____.

Served by: _____

---



COMMONWEALTH OF KENTUCKY
MADISON CIRCUIT COURT
DIVISION ___
CIVIL ACTION NO. 15-CI-___139

MICHAEL A. LAND          PLAINTIFF

vs.        **VERIFIED COMPLAINT**

SOUTHERN STATES COOPERATIVE, INC.          DEFENDANT

\* \* \* \* \* \* \* \*

Comes now the Plaintiff, Michael A. Land, and for his Verified Complaint, states as follows:

## COUNT I

### PARTIES AND JURISDICTION

1. Plaintiff, Michael A. Land, is a resident of Richmond, Madison County, Kentucky.

2. Defendant Southern States Cooperative, Inc. is a Virginia corporation operating as a foreign corporation under the laws of the Commonwealth of Kentucky with a place of business located at 1607 New Irvine Road, Richmond, Kentucky 40475.

3. Venue and jurisdiction are proper in Madison County Kentucky as that is where Plaintiff worked and the situs of the actions complained of herein. By Notice mailed December 17, 2014, the US Equal Employment Opportunity Commission granted Plaintiff permission to file this lawsuit in federal or state court.

## COUNT II

## FACTS

4. On April 17, 2011, Plaintiff was hired by Defendant as an Assistant Store Manager at Defendant's Richmond store.

5. Plaintiff is presently 59 years of age, date of birth, February 11, 1956 and at all relevant times herein, was over the age of 40 years of age.

6. At all relevant times herein, Plaintiff performed his duties as Assistant Store Manager for Defendant in a satisfactory manner.

7. At all relevant times herein, Plaintiff performed his duties as Assistant Store Manager for Defendant according to consistently applied standards governing performance and conduct.

8. On or about July 17, 2012, Plaintiff had carpal tunnel surgery on his dominant right hand/arm and was restricted in the use of the right hand/right arm.

9. In August/September 2012, Defendant through District Manager Jim Briedwell, informed Plaintiff that Plaintiff needed to "step up and do more, otherwise we (Defendant) will hire someone right out of college and pay them a lot less" and concurrently informed him of increased and additional work requirements and duties.

10. On June 6, 2013 Plaintiff had partial knee replacement surgery and took an unpaid leave of absence under the Family Medical Leave Act (FMLA) from June 6 until July 2, 2013. Upon return to work plaintiff's Doctor restricted plaintiff to working no

more than 4-5 hours per day, no lifting over 25 pounds and not to stand for more than one hour straight.

11. On or about June 27, 2013, plaintiff told Defendant (Winn) that Plaintiff would need to take/extend his medical leave of absence under FMLA due to complications from infection associated with the aforementioned knee surgery. Winn's response was intimidating and sent a clear message to Plaintiff not to take/extend his medical leave of absence. Defendant (Winn) threw the paperwork Plaintiff had given him back at Plaintiff and walked away from Plaintiff stating that Plaintiff would need to contact HR himself.

12. On information and belief, on or about July 1, 2013, Mike Hash was newly employed as Defendant's District Manager over the district in which the Richmond Kentucky store was located and at which store Plaintiff worked as Assistant Manager.

13. On multiple occasions in August and September 2013, Plaintiff requested of Defendant (Winn) reasonable accommodation of his work duties consistent with his doctor's restrictions, to wit, not standing for more than 1 1/2 hours at a time, not lifting anything over 25 pounds and not working more than 4 hours per day 5 days per week. Defendant refused to grant those reasonable accommodations. When plaintiff complained about the multiple occasions when he was left alone in the store, as the only person to operate the front register, wait on customers, answer the phone and be the only person for the outside and in the warehouse requiring him to stand three to 3 ½ hours, lift product in excess of 25 pounds, Defendant's (Winn) response was that Hash

3

says to be on the floor and I'm not going to contradict him. Thereafter, and in apparent response to Plaintiff's request, Defendant demanded and piled on more work.

14. On information and belief, after Plaintiff's first August request for reasonable accommodation, Defendant (Hash) initiated a "performance evaluation". At the time Plaintiff was still on "light duty" and subject to the aforementioned doctor's restrictions.

15. In October/November 2013, Plaintiff notified Defendant (Winn) about the possibility of back surgery in the summer of 2014. Since July, Plaintiff's sciatic nerve problem in his lower back and left leg had worsened, causing substantial pain upon standing for more than 20 to 30 minutes and/or if lifting or moving multiple 50 pound bags. During this time, Plaintiff's orthopedic surgeon was recommending surgery. Plaintiff informed Defendant (Winn) about his continuing to see the chiropractor and physical therapists and that he was not getting relief from the pain. Plaintiff asked for consideration (reasonable accommodation) from having to be on his feet all day, for breaks to help relieve pain. Defendant (Winn) expressed intolerance . Defendant (Winn) told Plaintiff that he had to do what Mike Hash had said (be on the sales floor for 6-8 hours). No reasonable accommodation was allowed.

16. In December 2013, Plaintiff attended a district merchandising meeting in Stanford, Kentucky led by District Manager Mike Hash. At the meeting, part of the message presentation included a reference to the movie War Horse and a scene in the movie where an older horse was struggling to help pull a cannon up a wet slippery slope. The older horse fell and as it fought to get up, an officer walked over and shot the

4

horse while yelling back to his team to bring him a younger, stronger horse. At this point, Hash threatened "I don't mean to imply that we will shoot you, but we will get to the top of the hill, with or without you!"

17. On January 31, 2014, Defendant had a purported PIP (personal improvement plan) meeting with Plaintiff. At the meeting, there was a deliberate scheme to mask Defendant's discrimination.

18. On March 21, 2014, Plaintiff was terminated by Defendant District Manager Mike Hash, with no reason provided. Plaintiff called Defendant Garcia to inquire as to the reason for the termination and Garcia replied that she was unable to discuss the details with Plaintiff, but assured Plaintiff that it had been reviewed with other leadership "all the way to the top" prior to the decision being made.

19. On information and belief, Plaintiff's position was filled by a younger worker.

20. On information and belief Defendant has in excess of 500 employees.

## COUNT III

## DISABILITY DISCRIMINATION

21. Plaintiff restates and reiterates all of the allegations of Counts I-II as if fully set out herein.

22. On or about March 21, 2014 and at other relevant times herein Defendant discriminated against Plaintiff who was an employee of Defendant and a qualified person with a disability, which discrimination is unlawful pursuant to KRS 344, USC 42,

the Age Discrimination in Employment Act of 1967 (ADEA), Title I and Title V of the Americans With Disabilities Act of 1990, as amended and the Civil Rights Act of 1991 and other laws of the Commonwealth of Kentucky and the United States of America.

23. Defendant failed to accurately evaluate the quality and quantity of Plaintiff's work when reasonable accommodation was requested and Defendant refused to provide reasonable accommodation. The reasonable accommodation requested would not have been an undue hardship on Defendant.

24. But for Plaintiff's disability, Plaintiff would not have been terminated.

25. As a result of Defendant's actions herein, Plaintiff has lost wages and benefits and will lose earnings and benefits in the future, has suffered humiliation, loss of personal dignity, embarrassment, emotional distress and pain and suffering.

## COUNT IV

## AGE DISCRIMINATION

26. Plaintiff restates and reiterates all of the allegations of Counts I, II and III as if fully set out herein.

27. That because of Plaintiff's age, at all times herein, Plaintiff was a member of a statutorily protected age group.

28. Plaintiff is a qualified person and performed his work for Defendant satisfactorily.

29. Nevertheless, on or about March 21, 2014, Defendant terminated Plaintiff in violation of laws prohibiting age discrimination, including but not limited to KRS 344, USC 29, the Age Discrimination in Employment Act of 1967 (ADEA), Title I and

6

Title V of the Americans With Disabilities Act of 1990, as amended and the Civil Rights Act of 1991 and other laws of the Commonwealth of Kentucky and the United States of America.

30. On information and belief, Defendant replaced Plaintiff with a younger worker under the age of 40 years.

31. Plaintiff's age played a role and had an influence on the termination.

32. As a result of Defendant's actions herein, Plaintiff has lost wages and benefits and will lose earnings and benefits in the future, has suffered humiliation, loss of personal dignity, embarrassment, emotional distress and pain and suffering.

## COUNT V

### DEFENDANT SOUTHERN STATES' FAILURE TO REASONABLY ACCOMMODATE AND HOSTILE WORK ENVIRONMENT

33. Plaintiff restates and reiterates all of the allegations of Counts I-IV as if fully set out herein.

34. On or about and between August 1, 2013 and including March 21, 2014 Defendant refused to make reasonable accommodation to Plaintiff on request is to and took further unlawful and discriminatory action against Plaintiff in violation of laws prohibiting same including but not limited to KRS 344, USC 29, the American with Disabilities Act (ADA) and the Civil Rights Act of 1964 (Title VII) the Age Discrimination in Employment Act of 1967 (ADEA), Title I and Title V of the Americans

7

With Disabilities Act of 1990, as amended and the Civil Rights Act of 1991 and other laws of the Commonwealth of Kentucky and the United States of America.

35.  Defendant intimidated Plaintiff from fully utilizing his entitlement to his unpaid medical leave under the Federal Medical Leave Act (FMLA).

36.  Defendant failed to accurately evaluate the quality and quantity of Plaintiff's work when reasonable accommodation was requested, adequately consider Plaintiff's request for reasonable accommodation and said Defendant refused to provide reasonable accommodation. The reasonable accommodation requested would not have been an undue hardship on Defendant. Defendant used tactics to discourage and intimidate Plaintiff from taking or requesting reasonable accommodation.

37  Defendant created and subjected Plaintiff to a hostile work environment, subjected him to unwelcome harassment, which harassment was based on his disability and severe culminating in termination.

38.  As a result, Plaintiff has lost wages and benefits and will lose earnings and benefits in the future, has suffered humiliation, loss of personal dignity, embarrassment, emotional distress and pain and suffering and will suffer such in the future.

## COUNT VI

### RETALIATION

39.  Plaintiff restates and reiterates all of the allegations of Counts I-V as if fully set out herein.

8

40. Plaintiff engaged in a protected activity under the Age Discrimination in Employment Act, Title I and Title V of the Americans with Disabilities Act and under Title VII of the Civil Rights Act of 1964, to wit: Plaintiff was over the age of 40 years, had a disability, requested reasonable accommodation for disability and time off under FMLA and as such Defendant violated of laws prohibiting same including but not limited to KRS 344, USC 29, the American with Disabilities Act (ADA) and the Civil Rights Act of 1964 (Title VII) the Age Discrimination in Employment Act of 1967 (ADEA), Title I and Title V of the Americans With Disabilities Act of 1990, as amended and the Civil Rights Act of 1991 and other laws of the Commonwealth of Kentucky and the United States of America.

41. Defendants knew of Plaintiff's exercise of said civil rights and/or protected activity.

42. Defendants took material adverse employment actions (i.e. termination) against Plaintiff.

43. There was a causal connection between the adverse action taken by said Defendants and Plaintiff's protected activity.

44. Plaintiff's exercise of his protected activity was a reason for his termination.

45. As a result of Defendants' wrongful actions herein, Plaintiff has lost wages and benefits and will lose earnings and benefits in the future, has suffered humiliation, loss of personal dignity, embarrassment, emotional distress and pain and suffering and will suffer such in the future.

## COUNT VII

## BREACH OF CONTRACT

46. Plaintiff restates and reiterates all of the allegations of Counts I-VI as if fully set out herein.

47. For the reasons above set out, Defendant breached its employment agreement with Plaintiff.

48. As a result of Defendant's breach herein, Plaintiff has lost wages and benefits and will lose earnings and benefits in the future, has suffered humiliation, loss of personal dignity, embarrassment, emotional distress and pain and suffering and will suffer such in the future.

## COUNT VIII

## PUNITIVE DAMAGES

49. That Plaintiff restates and realleges all of the allegations contained in Counts I-VII of the Verified Complaint as if fully set out herein.

50. Defendant, through its conduct as above set out, has acted toward Plaintiff with a conscious disregard of Plaintiff's rights, has displayed intentional discrimination thereby violating The Civil Rights Act of 1991, the Age Discrimination in Employment Act, Title I and Title V of the Americans with Disabilities Act and under Title VII of the Civil Rights Act of 1964, and all laws prohibiting same including but not

10

limited to KRS 344, USC 29, the American with Disabilities Act (ADA) and the Civil Rights Act of 1964 (Title VII) the Age Discrimination in Employment Act of 1967 (ADEA), Title I and Title V of the Americans With Disabilities Act of 1990, as amended and the Civil Rights Act of 1991 and other laws of the Commonwealth of Kentucky and the United States of America such as to constitute oppression or malice thereby entitling Plaintiff to punitive damages.

WHEREFORE, Plaintiff, Michael A. Land, demands as follows:

a. Judgment against Defendants, Southern States Cooperative, Inc for compensatory damages and Punitive damages, as alleged in Counts I -VIII, which damages are in excess of the dollar amount necessary to establish the jurisdiction of this Court;

b. Pre-Judgment and Post-Judgment interest;

c. For his costs and expenses, including but not limited to a reasonable attorney's fee.

d. Trial by jury; and

e. Any other relief to which they may appear entitled, including but not limited to injunction relief.

Respectfully submitted,

ECTON & SHANNON, PLLC

_____
WALTER G. ECTON, JR.
127 South Third Street
Richmond, Kentucky 40475

11

(859) 624-2252
Attorney for Plaintiff

## VERIFICATION

I do hereby verify that the foregoing statements are true and correct to the best of my knowledge, information and belief. *[signature]*

Michael A. Land

COMMONWEALTH OF KENTUCKY )
) SS.:
COUNTY OF MADISON )

Subscribed and sworn to before me by Michael A. Land, this 4th day of March, 2015.

My commission expires: 2/9/16

*[signature]*
Notary Public, State at Large, Kentucky

12

Commonwealth of Kentucky
Madison County
Darlene G. Snyder
Circuit Court Clerk

Receipt Number: 03-0047799-A
DATE: 03/09/2015
TIME: 11:00 AM

*** (I) CIRCUIT CIVIL-FILING ***

CASE NO: 15-CI-00139

RECEIVED FROM: ECTON & SHANNON
ACCOUNT OF: LAND VS SOUTHERN STATES INC

| | | |
|---|---|---:|
| 1. | Civil Filing Fee (Q) | 115.00 |
| 2. | ATJ Fee (I) | 20.00 |
| 3. | Court Technology MCFO(K(CT)) | 10.00 |
| 4. | Library Fee (L) | 1.00 |
| 5. | Court Facilities Fee (|) | 25.00 |
| 6. | Att Tax Fee MCFO(K(Q)) | 5.00 |
| 7. | Jury Demand /12 CS(W(M)) | 60.00 |
| 8. | Postage/Cert. Mail MCFO(K(H)) | 6.70 |
| | TOTAL: | $242.70 |
| | CHECK: | $242.70 |
| | ***DIFF: | 0.00 |

*** Check Number: 2455

Prepared By: teresa_anglin
** MCFO=Money Collected for Others
** CS=Charge for Services
Filing (KYCOURTS)                          Page 1 of 1

# MADISON Circuit County
# Random Judge Assignment Report

**Court:** Circuit Court

**Requestor:** TERE  **Reference/Case Number:** 15-CI-139

**This Case has been Assigned to:** 1 **Division**

Hon. William G. Clouse    625302

**Control Date/Time:** 03/09/2015 10:57:25AM

**Date Printed:** 03/09/2015    **Time Printed:** 10:58:17AM    **Page:** 1